**LEALAIMATAFAO MASE, on behalf of**
**the LEALAIMATAFAO FAMILY, Plaintiff**

**v.**

**MISIAITA IUTA, VAILOA MATAAFA and members**
**of the LETULIGASENOA FAMILY, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 46-89

November 29, 1990

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and
LOGOAI, Associate Judge.

Counsel: For Plaintiff, Charles V. Ala'ilima·
For Defendant Misiaita Iuta, Togiola T.A. Tulafono

*Facts*

### I.      *Lealaimatafao's Claim "Lepuapua"*

On June 6, 1978, plaintiff, the late Lealaimatafao Mase, senior matai of the Lealaimatafao family of Iliili, offered for registration with the Territorial Registrar's office, pursuant to A.S.C.A. § 37.0101 et seq., his family's communal claim to a certain portion of land he refers to as "Lepuapua." The claim comprises 3.614 acres, more or less, and is more particularly described in plaintiff's survey R.P.S. No. 70-8-77. The offer was duly posted by the Territorial Registrar from June 9, 1978 for the requisite 60-day statutory period. *See* A.S.C.A. § 37.0103.[1] However, the claim attracted the timely objection of a Filimaua L. Ofoia, a member of plaintiff's family, and under memorandum dated August 29, 1978, the Territorial Registrar referred the matter to the Office of Samoan Affairs for mediation in accordance with the requirements A.S.C.A. § 43.0302. The parties met at the Office of Samoan Affairs on August 29, 1978, and on March 20, 1979. The result of the meetings was a consensus by the parties to attempt an extra-judicial resolution to their differences. Eventually, Filimaua Ofoia sent written notice, dated June 20, 1985, to the Territorial Registrar, advising the withdrawal of her objection. Consequently, the plaintiff's land claim was finally registered by the Territorial Registrar on May 5, 1986.

### II.      *Misiaita Iuta's Claim "Gaoa"*

On October 25, 1983, Misiaita Iuta offered for registration his individually owned claim to a certain tract of land he calls "Gaoa," containing some 1.32 acres, more or less, as more particularly described in his survey R.P.S. No. 13-13-83. The claim was duly posted for the 60-day statutory period; however, this claim was free from objection.

---

[1]      A.S.C.A. § 37.0103 provides:
(a) Notice of the proposed registration shall be posted for 60 days on the bulletin board at the courthouse in Fagatogo and at 2 public places in the village in which or nearest to which the land is located.
(b) During such 60 day period anyone claiming an interest in the land adverse to that of the applicant or applicants for registration may file notice of adverse claim with the territorial registrar.
(c) If no notice of adverse claim is filed within the 60 day period, and all requirements of this chapter having been complied with, the territorial registrar shall register the title to such land in the name or names of the applicant or applicants.

The Territorial Registrar then accepted the offer for the registration of "Gaoa."

### III. The Dispute[2]

Mr. L.P. French, a registered surveyor, certified that "Lepuapua" and "Gaoa" actually overlapped in area which he approximated as slightly under a half-acre. The issue presented is who owns the overlap. The Lealaimatafao family contends that the subsequent registration of the overlap by Misiaita was void, given his family's pending registration application with "Lepuapua." Plaintiff further points out that Misiaita had failed to make a timely objection to his family's prior offer for registration, as required by A.S.C.A. § 37.0103, and that he was estopped from further asserting a claim inconsistent to that of plaintiff's.

Misiaita, on the other hand, argues that his completed registration could not be defeated by Lealaimatafao, who did not file an objection to his offer to register and (although not affirmatively pleaded as a defense) that plaintiff's registration application did not comply with the statute's procedural requirements for affording notice. Misiaita claims that he has not seen any notices of plaintiff's registration offer posted in the village.

### Conclusions

We conclude in favor of Lealaimatafao and hold that title to the overlap area could not be registered in favor of Misiaita while it remained the subject of a pending registration application by Lealaimatafao.

Misiaita's attempt at attacking the validity of Lealaimatafao's registration process by arguing non-compliance with notice requirements, is entirely without merit. Just because Misiaita may not have noticed the posting of plaintiff's claim within the vicinity, does not necessarily mean that there was no posting. This very reasoning was recently addressed and tersely rejected by the Appellate Division in *Ifopo v. Siatu'u*, 12 A.S.R.2d 24 (1989). The Court there noted, "Nor can the [trial] court conclude that no notice was given simply because a number of witnesses

---

[2] The Letuligasenoa family, through counsel Tauese Sunia, conceded Lealaimatafao's claim early in these proceedings.

testified that they never saw notices." *Id.* at 28. The plain and simple fact here is that Misiaita did not timely object to Lealaimatafao's offer for registration and he is, therefore, precluded by A.S.C.A. § 37.0103 from asserting any claims to the overlap. *See Puluti v Muliufi*, 4 A.S.R. 672 (1965). He cannot subsequently circumvent and frustrate the enactment by a back door opening in the way of a subsequent offer for, and registration of, title. In addition, A.S.C.A. § 37.0101(b) directs that "[n]o title to land *shall* be registered unless the registrar is satisfied that there is no conflicting claim thereto. . . ." (Emphasis added.) The record before us facially discloses a mistake on the part of the Territorial Registrar. If the Registrar had, at the time, the benefit of the facts as they are now known to us, he would have had no discretion whatsoever but to deny Misiaita's registration offer in view of the mandatory language of A.S.C.A. § 37.0101(b). Furthermore, the Court, in our opinion, correctly gave effect to this enactment when it stated in *Lutu v. Penitusi*, LT No. 28-77 (1978), that A.S.C.A. § 37.0101(b)

> [i]n essence, forbids the registration of land where there are unlitigated or unresolved conflicting claims, including pending lawsuits regarding the registration of the same property. Any registration made contra to this section is void.

(Slip Opinion at 9.) In these circumstances, the Court went on to hold that a void registration may be ordered cancelled. *Id.* at 10.

On the foregoing, it is the judgment of the Court that the registration of title to Misiaita Iuta of so much of those parts of the land "Lepuapua," being the communal land of the Lealaimatafao family as recorded in 2 Native Land Titles at 326, is void and shall be cancelled. The Territorial Registrar is directed to amend the registry accordingly.

It is so Ordered.